IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| **CHARLES MOODY** | : | |
| **8 Henry Terrace** | : | **JURY TRIAL DEMANDED** |
| **Peabody, MA  01960** | : | |
| | : | |
| **Plaintiff** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **MASSACHUSETTS BAY COMMUTER** | : | CIVIL ACTION |
| **RAILROAD COMPANY** | : | |
| **89 South Street** | : | |
| **8th Floor** | : | |
| **Boston, MA  02210** | : | NO. |
| | : | |
| **Defendant** | : | |

## COMPLAINT

1. This suit is governed by the Federal Employers' Liability Act, 45 U.S.C. § 51 et seq., which Act grants this Court jurisdiction over this action.

2. Plaintiff, Charles Moody, is a competent individual residing at the above-captioned address.

3. At all times relevant hereto, the Defendant, Massachusetts Bay Commuter Railroad Company was engaged in interstate commerce as a common carrier by rail, operating a line and system of railroads in Massachusetts which interconnected to other interstate railroads.

4. At all times relevant hereto, the Plaintiff was employed by Defendant railroad and was acting in the course and scope of his employment with Defendant from July 1, 2003 to present as a trackman/machine operator, and was engaged in the furtherance of interstate commerce within the meaning of said Act.

5. At all times relevant hereto, the acts of omission and commission causing injuries to the Plaintiff were done by the Defendant, its servants, agents and/or employees acting in the course and scope of their employment with and under the direct and exclusive control of the Defendant.

6. All of the property, equipment and operations involved in this occurrence were, at all times relevant hereto, owned and/or under the direct and exclusive control of the Defendant, its agents, servants and/or employees.

## **COUNT I**

7. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 6 of this Complaint as though fully set forth at length herein.

8. Plaintiff was diagnosed with a hernia and Plaintiff underwent a right inguinal hernia repair surgery.

9. The Plaintiff first learned that the initial hernia, that required surgery, was caused, contributed to and/or aggravated, worsened, exacerbated by his duties with the Defendant railroad subsequent to his initial hernia surgery.

10. During his career with the Defendant, the Plaintiff, while working within the course and scope of his employment, was injured due to the negligence of the Defendant, both generally and in the following particulars:

> (a) In failing to use ordinary care and caution to provide Plaintiff a reasonably safe place in which to work;
>
> (b) In failing to take any effective action to reduce, modify or eliminate certain job duties, equipment or practices so as to minimize or eliminate strenuous activities/tasks and/or cumulative and repetitive trauma and stress to which Plaintiff

       would be exposed;

(c)     In failing to periodically examine employees such as the Plaintiff for physical effects of strenuous activity, and/or cumulative and repetitive trauma and stress, and failing to take appropriate action, including advising the Plaintiff as to the exam results;

(d)     In failing to warn the Plaintiff of the risk of strenuous, cumulative and/or repetitive activities;

(e)     In failing to provide the Plaintiff with protective equipment which would decrease his risk/exposure as associated with strenuous, cumulative and/or repetitive activities;

(f)     In failing to make reasonable efforts to inspect or monitor the levels/amounts of physical stress, strain and/or cumulative and repetitive trauma and stress produced by the work duties/tasks which the Plaintiff was required to perform for the Defendant; and,

(g)     In failing to provide the Plaintiff with adequate manpower and/or adequate tools and equipment.

11.     As a direct result of the Defendant's negligence, the Plaintiff has suffered and will continue to suffer injuries to his abdomen, including, but not limited to a right inguinal hernia, along with various other injuries.

12.     The aforesaid injuries were caused, contributed to and/or aggravated, worsened, exacerbated in whole or in part by the negligence of the Defendant and/or the negligence of the Defendant's agents, servants and/or employees.

13.     By reason of the aforesaid injuries, the Plaintiff was disabled from gainful employment, lost wages and his earning capacity has been impaired, he has incurred and will continue to incur medical expenses, and he has suffered and will continue to suffer physical and

mental pain and suffering.

**WHEREFORE**, the Plaintiff, Charles Moody, demands judgment against Defendant, Massachusetts Bay Commuter Railroad Company, in a sum in excess of ONE HUNDRED FIFTY THOUSAND DOLLARS ($150,000.00) and the costs of this action.

## COUNT II

14. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 13 of this Complaint as though fully set forth at length herein.

15. Upon his return to work following his initial hernia surgery as described in Count I above, the Plaintiff, while working within the course and scope of his employment, was injured due to the negligence of the Defendant, both generally and in the following particulars:

(a) In failing to use ordinary care and caution to provide Plaintiff a reasonably safe place in which to work;

(b) In failing to take any effective action to reduce, modify or eliminate certain job duties, equipment or practices so as to minimize or eliminate strenuous activities/tasks and/or cumulative and repetitive trauma and stress to which Plaintiff would be exposed;

(c) In failing to periodically examine employees such as the Plaintiff for physical effects of strenuous activity, and/or cumulative and repetitive trauma and stress, and failing to take appropriate action, including advising the Plaintiff as to the exam results;

(d) In failing to warn the Plaintiff of the risk of strenuous, cumulative and/or repetitive activities;

(e) In failing to provide the Plaintiff with protective equipment which would decrease his risk/exposure as associated with strenuous, cumulative and/or

        repetitive activities;

(f)     In failing to make reasonable efforts to inspect or monitor the levels/amounts of physical stress, strain and/or cumulative and repetitive trauma and stress produced by the work duties/tasks which the Plaintiff was required to perform for the Defendant;

(g)     In failing to provide the Plaintiff with adequate manpower and/or adequate tools and equipment; and

(h)     In failing to reasonably accommodate and monitor Plaintiff as an employee already at risk and/or susceptibility for strenuous and/or cumulative and repetitive trauma and stress injuries.

16.     As a direct result of the Defendant's negligence, the Plaintiff has suffered and will continue to suffer injuries to his abdomen, including, but not limited to, recurrent hernia along with various other injuries.

17.     The aforesaid injuries were caused, contributed to and/or aggravated, worsened exacerbated, in whole or in part, by the negligence of the Defendant and/or the negligence of the Defendant's agents, servants and/or employees.

18.     Subsequent to his return to work, Plaintiff underwent follow up hernia surgery due to an aggravation, worsening exacerbation of his abdominal injuries, including, but not limited to, recurrent hernia.

19.     By reason of the aforesaid injuries, the Plaintiff was disabled from gainful employment, lost wages and his earning capacity has been impaired, he has incurred and will continue to incur medical expenses, and he has suffered and will continue to suffer physical and mental pain and suffering.

        **WHEREFORE**, the Plaintiff, Charles Moody, demands judgment against Defendant,

Massachusetts Bay Commuter Railroad Company, in a sum in excess of ONE HUNDRED FIFTY THOUSAND DOLLARS ($150,000.00) and the costs of this action.

Date: 03/01/2012                               CAPPELLI, JOYCE & MUSTIN

                                                     BY   /s/Thomas J. Joyce, III
                                                            THOMAS J. JOYCE, III, ESQUIRE
                                                            101 West Elm Street, Suite 630
                                                            Conshohocken, PA 19428
                                                            (610) 941-4444
                                                            Attorney for Plaintiff

                                                     LAWSON & WEITZEN, LLP

                                                   BY   /s/ Michael J. McDevitt
                                                            MICHAEL J. MCDEVITT, ESQUIRE
                                                            BBO#564720
                                                            88 Black Falcon Avenue, Suite 345
                                                            Boston, MA  02210
                                                            (617) 439-4990
                                                            Local Counsel for Plaintiff